## No. 14,377.

## State ex rel. Metropolitan Bank vs. Judge of the Civil District Court for the Parish of Orleans.

### Syllabus.

Where a trial judge refuses to order that a commission issue to take the testimony of a witness for the purposes of the trial of a matter pending before him, on the ground that the interrogatories propounded show that such testimony would be irrelevant and impertinent, the remedy is by appeal from the final judgment thereafter to be rendered and not by *mandamus* directing the issuance of the commission.

APPLICATION for a writ of *Mandamus.*

*Dinkelspiel & Hart,* for Relator.

*John St. Paul,* Respondent Judge, *pro se.*

*James F. Pierson* and *Horace E. Upton,* of counsel for Edward Pierson, Administrator, in support of Respondent Judge.

The opinion of the court was delivered by

MONROE, J. This is an application for the writ of *mandamus* to compel the judge of the district court to allow the relator to file a motion for commissions to take the testimony of certain witnesses, and to make the necessary orders for the issuance of such commissions.

The respondent, in his return, states that he had no intention of refusing to permit relator to *file* the motion referred to and it is conceded that no action is needed as to that ground of complaint, the important question being, whether relator is entitled to the writ for the other purpose stated in the application. Upon that subject, the return of the respondent is, that the interrogatories prepared by the relator and the testimony which it proposes to take under commission, "are totally irrelevant, immaterial and impertinent to any issue pending" in the cause in which the commissions were demanded, and he annexes to his return copies of the proceedings in connection with which the demand was made. From these, it appears that there had been filed in the district court the mandate of this court, whereby certain issues in controversy between the relator and the Succession of J. J. Gragard, had been determined and the cause had been remanded for a purpose involving the taking of further testimony, and that thereafter, the relator applied for the commissions to take the testimony of a number of witnesses residing in different places. The counsel for the administrator thereupon took a rule upon the relator, suggesting that the taking of such testimony would involve great delay and expenses and that it appeared from the interrogatories propounded, which were exhibited with the rule, that the matters inquired about were no longer open to inquiry but were concluded by the judgment of this court, and that the taking of the testimony would be in contravention and contempt of said judgment. The relator was accordingly ordered to show cause why its application should not be denied, and, after hearing the counsel and considering the interrogatories, its application was denied, for the reasons which are given in the return of the respondent judge.

The remedy, we think, is by appeal, the case not being materially different from what it would be if the testimony had been taken and

excluded on the trial, or if the judge *a quo* had refused to grant the delay necessary for the return of the commissions, or if he had made almost an order, in the course of the trial, which might be open to exception, at the time, and to correction in the review of the final judgment. As was said in the case of State *ex rel.* Halphen vs. Judge, 35 Ann. 97: "Our jurisprudence would be revolutionized if we should hold that every right which has heretofore been enforced by appeal and every wrong which has heretofore been redressed by appeal may now be redressed, or enforced, by *mandamus* whenever the necessities of a suitor may appear to require or invite it."

The rule *nisi* herein issued is discharged and the application for the writ of *mandamus* is denied at the cost of the relator.

NICHOLLS, C. J., and BREAUX, J., dissent.